IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL E. SOULIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:24-cv-00324 |
| ) | |
| CITY OF MOBILE, ALABAMA, and ) | |
| THE PERSONNEL BOARD FOR ) | |
| MOBILE COUNTY, ALABAMA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Paul E. Soulier, by and through his undersigned counsel, and for his complaint against the City of Mobile, Alabama, and the Personnel Board for Mobile County, Alabama, for their violation of his rights under the UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994 (USERRA), 38 U.S.C. §§ 4301 - 4333, and related provisions of the laws of the State of Alabama, states as follows:

## PARTIES

1. Plaintiff, Paul E. Soulier, is a resident of Grand Bay in Mobile County, Alabama, and is currently employed with the City of Mobile Police Department as Shift Commander, having been hired by the Mobile Police Department in November 1994. At all times during his employment with the City of Mobile, Plaintiff Soulier served in the Alabama Army National Guard and Reserves until his retirement from the military in

September 2023, with the rank and/or title of Chief Warrant Officer and Special Agent, Army Criminal Investigation Division.

2.     Defendant, City of Mobile, Alabama, is a municipal corporation under Alabama law, but a private employer for purposes of USERRA. Defendant City of Mobile employed Plaintiff Soulier while he was intermittently on active duty with the United States Armed Forces from approximately January 2003, until approximately February 2022.

3.     Defendant, Personnel Board for Mobile County, Alabama, is a classified service board created under Alabama law with the authority to administer the employment rules, regulations, and merit system of the City of Mobile, including the creation and/or administration of compensation and employment benefit plans for the City of Mobile. Thus, Defendant Personnel Board has been delegated and, in combination with or on behalf of the City of Mobile, performed certain employment-related activities that affected and violated Plaintiff Soulier's rights under USERRA.

## JURISDICTION AND VENUE

4.     Plaintiff Soulier's claims arise out of and relate to actions taken by the Defendants in violation of his rights under USERRA and Ala. Code § 31-12-2(a) (1975), whereby Defendants failed and refused to provide Plaintiff Soulier with certain employment benefits (consisting of paid leave, accrued vacation, annual leave, personal leave, sick leave, and other employment benefits, or the monetary value thereof) while he was on leave serving with the United States Armed Forces, but which they provided to

other City employees who were on non-military leave, including administrative leave, that was otherwise similar to Plaintiff Soulier's military leave.

5. Jurisdiction and venue is proper in the United States District Court for the Southern District of Alabama pursuant to 38 U.S.C. §§ 4323(b)(3) & 4323(c)(2). Plaintiff Soulier resides within Mobile County, Alabama which is in the Southern District of Alabama; Defendants City of Mobile and Personnel Board are located and do business within Mobile County, Alabama; and the acts, omissions, and events giving rise to Plaintiff's claims under USERRA occurred within Mobile County, Alabama.

## ALLEGATIONS

6. Plaintiff adopts and incorporates the proceeding paragraphs as if separately set forth herein.

7. While employed with the City of Mobile, Plaintiff Soulier was placed on active duty with the United States Armed Forces in support of Operation Iraqi Freedom, Operation Enduring Freedom, and other operations and deployments, which included Plaintiff Soulier serving in Kuwait, Iraq and Afghanistan. Plaintiff's Soulier's activations and deployments began on or about January 2003, and continued intermittently until approximately February 2022. Proper notice of Plaintiff Soulier's activation, operation or deployment orders were provided to the City of Mobile and/or Personnel Board on each occasion, and Plaintiff Soulier was placed on military leave by the City and/or Personnel Board acting for the City.

8. USERRA was enacted in 1994 for the purpose of forbidding discrimination in the terms and conditions of employment against members of the United States Armed Forces called into active duty.

9. USERRA provides as follows:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, and or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

10. USERRA defines "benefit of employment" as follows:

> The term "benefit," "benefit of employment," or "rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2).

11. Pursuant to authority granted to it by USERRA, the United States Department of Labor has codified regulations in support of the rights and privileges of servicemen and servicewomen protected by the Act. Section 1002.150 of the Code of Federal Regulations states:

> (a) The non-seniority rights and benefits to which an employee is entitled during a period of service are those that the employer provides to similarly situated employees by an employment contract, agreement, policy, practice, or plan in effect at the employee's workplace. These rights and

> benefits include those in effect at the beginning of the employee's employment and those established after employment began. They also include those rights and benefits that become effective during the employee's period of service and that are provided to similarly situated employees on furlough or leave of absence.
>
> (b) If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare.. . .
>
> (c) As a general matter, accrual of vacation leave is considered to be a non-seniority benefit that must be provided by an employer to an employee on a military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence.

12. Accordingly, if an employee is provided paid leave and accrues vacation time, sick leave, personal leave, or other benefits of employment while excused from work, then an employee placed on active duty with the United States Armed Forces may be entitled to the same benefits.

13. The State of Alabama has also mandated that all employers within the state provide its employees who serve in the National Guard and are called into active military service, the rights and benefits secured by USERRA. Pursuant to Ala. Code § 31-12-2(a) (1975):

> Whenever any active member of the Alabama National Guard, or a member of the national guard of another state who is employed in this state, in time of war, armed conflict, or emergency proclaimed by the Governor or by the President of the United States, shall be called or ordered to state active duty or federally funded duty for other than training, the provisions of the federal Servicemembers Civil Relief Act (SCRA) and the federal Uniformed Services Employment and Reemployment Rights Act shall apply.

14. Section 31-12-2(b), Ala. Code (1975), also requires that active members of the National Guard who are called or ordered to active duty for a period of thirty consecutive days or more shall be eligible for military differential pay, and restoration of annual or sick leave.

15. Similarly, and comparatively for purposes of USERRA, the State of Alabama requires that any employee within the state who is required to serve time responding to a summons for jury duty, participating in the jury selection process, or for time spent actually serving on a jury, may not be required to use his or her annual, vacation, unpaid leave, or sick leave for such service. Ala. Code § 12-16-8(b).  In addition, an employee serving on jury duty is entitled to his or her usual compensation, which implicitly includes benefits, from his or her employer.  Ala. Code § 12-16-8(c).

16. Alabama law further provides as follows:

> Any employee who is so discharged or subjected to an adverse employment action shall have a cause of action against the employer for the discharge or adverse employment action in any court of competent jurisdiction in this state and shall be entitled to recover both actual and punitive damages.

Ala. Code § 12-6-8.1(b).

17. While Plaintiff Soulier was employed with the City of Mobile and serving on active duty with the United States Armed Forces, the City of Mobile and Personnel Board of Mobile County acting on behalf of the City of Mobile, deprived and denied Plaintiff Soulier certain employment benefits consisting of paid leave and accrued vacation, personal leave, annual leave, sick leave, and other benefits, or the monetary value

thereof, that were provided to other City employees on leaves of absence, including administrative leave, that were materially similar to military leave but not classified as military leave.

18. The disparate treatment of Plaintiff Soulier violates his rights secured by USERRA and the laws of the State of Alabama.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Soulier demands the following against the City of Mobile and the Personnel Board of Mobile County, Alabama:

A. A judgment declaring that the City of Mobile and Personnel Board of Mobile County violated USERRA and related laws of the State of Alabama in denying and depriving Plaintiff Soulier paid leave and employment benefits made available to City employees on non-military leaves of absence;

B. An Order enjoining the City of Mobile and the Personnel Board of Mobile County to restore to Plaintiff Soulier the compensation, and employment benefits or the monetary value thereof, to which he was entitled but denied; and

C. Any and all other relief to which Plaintiff Soulier may be entitled under the laws of the United States and the State of Alabama, such as liquidated damages, punitive damages, prejudgment interest, equitable relief, court costs, attorneys' fees, expert witness fees, litigation expenses, and any other relief this Court deems fair, reasonable, and appropriate.

Respectfully submitted this 6th day of September 2024.

*/s/ J. Flynn Mozingo*
J. Flynn Mozingo (ASB-911-073J)
Attorney for Plaintiff, Paul E. Soulier

**OF COUNSEL:**

MELTON, ESPY & WILLIAMS, P.C.
Post Office Drawer 5130
Montgomery, Alabama 36103-5130
Telephone: (33) 263-6621
Facsimile: (334) 263-7252
fmozingo@mewlegal.com

## PLAINTIFFS WILL SERVE THE DEFENDANTS THE CITY OF MOBILE, ALABAMA AND THE PERSONNEL BOARD FOR MOBILE COUNTY, ALABAMA VIA CERTIFIED MAIL:

City of Mobile
c/o Mayor Sandy Stimpson
Post Office Box 1827
Mobile, Alabama 36633


Personnel Board for Mobile County, Alabama
c/o Personnel Board Director Adam Bourne
Post Office Box 66794
Mobile, Alabama 36660